UNITED STATES DISTRICT COURT

for the

District of Delaware

*Orig¡nAl*

**11 - 380**

| | |
|---|---|
| DENNIS L. SMITH and<br>HELEN S. STARCHIA<br><br>Plaintiff(s)<br><br>vs.<br><br>J TRAVIS LASTER, VICE – CHANCELLOR<br>FOR THE STATE OF DELAWARE COURT OF<br>CHANCERY<br>AND<br>SCOTT DAILEY, RECORDER OF DEEDS<br>FOR THE STATE OF DELAWARE RECORDER<br>OF DEEDS<br>AND<br>PATRICIA A. MEYERS, AS **NOMINAL**<br>DEFENDANT<br><br>Defendant(s) | Civil Action **No.** _____<br><br>**Federal Question(s) / 28 U.S.C.A. § 1331**<br><br>**Prohibited / Proscribed**<br>**Racial – Implication(s)**<br><br>**42 U.S.C.A. § <u>1988</u>.**<br><br>**Fed. R. Civ. P Rule 60(b)(4)**<br><u>**JUDGMENT is VOID**</u><br><br>**18 U.S.C.A. § 241**<br>**18 U.S.C.A. § 242**<br><br>**Trial By Jury of 12 Demanded.** |

*(stamp: 2011 APR 29 PM 3:11  FILED U.S. DISTRICT COURT  CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE)*

### COMPLAINT
#### FOR CIVIL ACTION FOR PREVENTIVE RELIEF

and **PERMANENT INJUNCTION** under Federalized Code 42 U.S.C.A. § 2000a-3 to stop /
enjoin Defendant / J Travis Laster's unconstitutional and illegal " **VIOD JUDGMENT** " /
attached as <u>Exhibit  A</u> - under Fed. R. Civ. P Rule 60(b)(4) ------- The law is well – settled
that a void order or judgment is VOID even **<u>BEFORE</u>** REVERAL" – ( Also **without** LEGAL Effect )

-----------------------

" **Three – Judge District Court Requested** " under **local Rule 9.2**, based on ground as Captioned
and below in this Complaint. ---- Furthermore, in the **Interest of Justice** – in support of this
Complaint a **Change of VENUE Motion was filed under Federalized Code 28 U.S.C.A. § <u>1412</u>**

-------------------- " GENERAL – PUBLIC – IMPORTANCE " --------------------

Now, here comes Plaintiffs / Dennis L. Smith **Pro se,** who under the 13th and 14th

Amendment of his inalienable Constitutional Equal Civil Rights, of the Constitution of the United

States, based on the unequivocal – NEW – " GROUNDS ", of the de facto State Court of Chancery

( civil action No. 4739 – VCL )Vice – Chancellor J Travis Laster's  unconstitutional and illegal "

VOID JUDGMENT " dated **April 26, 2011** / Attached as **Exhibit A** , which violated Federalized

Code **28 U.S.C.A. § 1447(d), 28 U.S.C.A. § <u>1443</u> Appellate Rule 4(a)(1)(A) etc,** and Plaintiff /

Pro se – Mr. Smith Due Process Rights of his Equal Civil Rights / 13th and 14th Amendment and

which arises under Federalized Code**28 U.S.C.A. § 1331** and **42 U.S.C.A. § 2000a-3** and under Fed.

R. Civ. P Rule **60(b)(4)**. A VOID JUDGMENT- **"… has no legal force or effect invalidity**

**of which may be asserted by any person whose <u>RIGHTS</u> are affected at any time**

**<u>and</u> at any place directly or collaterally**.**"** Also, " Once challenged, jurisdiction cannot be

ASSUMED, it must be proved to exist." " There is no discretion to IGNORE lack of jurisdiction."

## JURISDICTION AND VENUE

1.    This Federal Court has Jurisdiction over this matter under Federalized Code **28  U.S.C.A. §**

**1331** and **42 U.S.C.A. § 2000a-3,** which states and I quote:

> " Whenever any person <u>has</u> engaged or there are reasonable grounds to <u>believe</u> that any
>
> person  is about to engage in any act or practice prohibited by **section 2000a-2** of this title, a
>
> civil action for preventive relief, including an application for a permanent or temporary
>
> injunction, restraining order, or other order, may be instituted by the person aggrieved  … ."

Also, this viable pendente lite  civil action arises under the Constitution of these United States,

**particularly for the <u>intentional</u> abandonment** of the 13th  and 14th  Amendments to the

Constitution  of these United States, and under **42  U.S.C.A. § <u>1988</u> , 42  U.S.C.A.  § 2000a –**

Prohibition against discrimination**, 42 U.S.C.A. § 2000a – 1 --** Prohibition against  discrimination

and  **42 U.S.C.A.  § 2000a – 2 --**Prohibition against and under Criminal Codes as follows:

**18  U.S.C.A.  241, 18  U.S.C.A. § 242, 18  U.S.C.A. § 4,** concerning **Equal Civil Rights** and **Due**

**Process Rights**.

2.      Venue in the Federal District Court, of Delaware is proper, based on the fact that, in civil action No. 11 – 329 – SLR, Plaintiff / Pro se – Mr. Smith's filed his Notice of Removal / **D.I. 1** on **April 13**, 2011, which indicates Federalized Code " **28 U.S.C.A. § 1443(1)** ", on its FACE, and Judge Sue L. Robinson in her Memorandum Order / **D.I. 3**, REMANDED this same Notice of Removal on **April 14**, 2011 to the de facto State Court of Chancery. Therefore, " **Section 1443** ", as indicated on the FACE of this Remanded Notice of Removal, is the - **KEY** - which authorized / allowed Plaintiff / Pro se – Mr. Smith his Appeal Rights under Federalized Codes **28 U.S.C.A. § 1447(d), 28 U.S.C.A. § 1443** and  Appellate **Rule 3(a)(1)** and **4(a)(1)(A)** to **Challenge / Appeal** Federal Judge Sue L. Robinson's Memorandum  Order / **D.I. 3** within 30 days to the Appellate Court / Third Circuit Court of Appeals by filing a Notice of Appeal **with** the District Court, therefore – the State Court of Chancery **must  not  interfere** with these mentioned above, **Due Process Rights / 42 U.S.C.A. § 2000a-2** until – AFTER – this mentioned 30 days or the Appellate Court Affirms the District Court Memorandum  Order / **D.I. 3**. Therefore, in  accordance with Fed. R. Civ. P. Rule 6, these mentioned  30 days only expires on **May 14**, 2011.   **( 28 U.S.C.A. § 87 )**

## PARTIES

3.      Plaintiff / Dennis L. Smith / Pro se, of  P.O.  Box  311, Selbyville, Delaware 19975

4.      Plaintiff / Helen S. Starchia / Pro se, of  28761 W. Diamond Street Dagsboro, Delaware 19939

5.      Defendant / J Travis Laster / Vice Chancellor of the Court of Chancery of the State of Delaware, 500 North King Street, Suit No. 1551 Wilmington, Delaware 19801.

6.      Defendant / Scott Dailey / Recorder of Deeds ADMIN BLDG on the Circle P.O. Box 827

Georgetown, Delaware 19947 - 0827

7.      NOMINAL - Defendant / Patricia A. Meyere of 36161 Zion Church Road Frankford,

Delaware 19945

## JUDICIAL MISCONDUCT / **" DERELICT OFFICIAL ACTS "**

### Count 1

" Cause of Action " - **ARISING** under **28 U.S.C.A. § 1331 -** from Defendant / J Travis
Laster's **" VOID JUDGMENT "** / Attached as **Exhibit A** dated April 26, 201, in which
he **intentionally** -Arbitrarily and Capriciously violated Plaintiff / Pro se – Mr. Smith Due
Process Rights of Equal Civil Rights / 13th and 14th Amendments.

This **" VOID JUDGMENT "** **Deprived**, **Denied** and **Aggrieved** Plaintiff /
Pro se – Mr. Smith of his Constitutional - Due Process Rights of Equal Civil Rights to an
Constitutional – Appeal allow under **28 U.S.C.A. § 1443**, which now I must defend concerning
the following below:

In civil action No. 11 – 329 – SLR, Plaintiff / Pro se – Mr. Smith's filed his Notice of Removal / **D.I. 1**

on **April 13**, 2011, which indicates Federalized Code " **28 U.S.C.A. § 1443(1)** ", on its FACE, and

Judge Sue L. Robinson in her Memorandum Order / **D.I. 3**, REMANDED this same Notice of

Removal on **April 14**, 2011 to the de facto State Court of Chancery. Therefore, **" Section 1443 "**, as

indicated on the FACE of this Remanded Notice of Removal, is the - **KEY -** which  authorized /

allowed Plaintiff / Pro se – Mr. Smith his Appeal Rights under Federalized Codes **28 U.S.C.A. §**

**1447(d), 28 U.S.C.A. § 1443** and  Appellate **Rule 3(a)(1)** and **4(a)(1)(A)** to **Challenge / Appeal**

Federal Judge Sue L. Robinson's Memorandum  Order / **D.I. 3** within 30 days to the Appellate Court /

Third Circuit Court of Appeals by filing a Notice of Appeal **with** the District Court, therefore – the

State Court of Chancery **must not interfere** with these mentioned above, **Due Process Rights / 42**

**U.S.C.A. § 2000a-2** until – AFTER – this mentioned 30 days or the Appellate Court Affirms the

District Court Memorandum  Order / **D.I. 3**. Therefore, in  accordance with Fed. R. Civ. P. Rule 6,

these mentioned  30 days only expires on **May 14**, 2011. ----- Keep in mind - under Appellate **Rule 4(a)(1)(A)** – which in part, states and I quote:

" In a civil case, …………. the <u>NOTICE of APPEAL</u> required by Rule 3 **must be filed** with the **district clerk** <u>within</u> **30 days** after the judgment or order appealed from is **ENTERED**."

Therefore, Defendant / J Travis Laster intentionally Deprived and Denied Plaintiff / Pro se – Mr. Smith of his Constitutional - Due Process Right of Equal Civil Rights / 13th  and 14th Amendments,to **28 U.S.C.A. §  1447(d), 28 U.S.C.A.  §  1443** and  Appellate **Rule 3(a)(1)** and **4(a)(1)(A)**, to **Challenge / Appeal** Federal Judge Sue L. Robinson's Memorandum Order / **D.I. 3**, because <u>after</u> Federal Judge Sue L. Robinson's Memorandum  Order / **D.I. 3** was **" ENTERED "**, on **April 14, 2011**, then Defendant / J Travis Laster in the  State's civil action No. 4739 – VCL - only four (4) days later on **April 18**, 2011,  conducted an unconstitutional and illegal hearing, and – only a total of twelve (12) days later  Defendant / J Travis Laster made a **" FINAL JUDGMENT "** dated **April 26, 2011**, which is a Default Judgment against Plaintiff / Pro se – Mr. Smith, **because** Plaintiff / Pro se – Mr. Smith did not appear to Defendant / J Travis Laster unconstitutional and illegal hearing of **April 18**, 2011, because Plaintiff / Pro se – Mr. Smith is – ENTITLED –to his inalienable Constitutional – Due Process Right of Equal Civil Rights to  **28 U.S.C.A.  §  1447(d), 28 U.S.C.A.  §  1443** and Appellate **Rule 3(a)(1)** and **4(a)(1)(A)**, before being Deprived and Denied ( **42 U.S.C.A.  §  1981(c)** ) by Defendant / J Travis Laster as just mentioned.  Therefore, Defendant / J Travis Laster  **" FINAL JUDGMENT "** dated **April 26, 2011** is a **" VOID  JUDGMENT "** / Attached as **Exhibit A** because it **" lacked jurisdiction of the subject matter "** and  it is **" inconsistent with due process."** Defendant / J Travis Laster's intentional - Malfeasance of rebellion against these Federalized Codes as mentioned is also a violation of Federalized Codes **18 U.S.C.A.  §  2383**

( **Criminal** ) and **42 U.S.C.A. § 2000a – 2** etc. --------- The law is well – settled that a void order or judgment is VOID even **BEFORE** REVERAL", therefore this **" VOID JUDGMENT "** dated **April 26**, 2011 is also VOID even **BEFORE** REVERAL. --- Therefore, - under civil action No. 11 – 329 – SLR, see Judgment Roll / Docket Sheet and the FACE of this Notice of Removal which indicates **28 U.S.C.A. § 1443(1)**.

Furthermore, **for safety only**, before the Court of Chancery's hearing at **10:00** A.M. on Monday, April 18, 2011– Plaintiff / Pro se – Mr. Smith filed a MOTION TO STAY / **Exhibit B** , with the Federal Court first and second filed three (3) copies of the same with the Court of Chancery's Clerk and one (1) copy was Stamped Clock for Plaintiff / Pro se – Mr. Smith, which indicates on its face **" FILED "** **at 9:26 A.M**. Keep in mind – that the Court of Chancery's  two (2) copies can not be found, in their efiling system of records as other filed documents. Also, on April 18, 2011 a Clerk gave a copy of this MOTION TO STAY to Defendant / J Travis Laster and also pointed Plaintiff / Pro se – Mr. Smith out to Defendant / J Travis Laster in the Clerk's office and Mr. Smith verbally made it clear that I will not be to his **10:00** A.M. hearing, based on my ( Mr. Smith's) Appeal Rights as also is indicated in this mentioned MOTION TO STAY / Attached as **Exhibit B**.

### Count 2

" Cause of Action " - **ARISING** under **28 U.S.C.A. § 1331 -** from Defendant / J Travis Laster's **" VOID  JUDGMENT "** / Attached as **Exhibit A** dated April 26, 201, in which he **intentionally -**Arbitrarily and Capriciously violated Plaintiff / Pro se – Mr. Smith Due Process Rights of Equal Civil Rights / 13th and 14th Amendments;

-----------------------------------

FOR THE RECORD: Attorney William J. Dunne's " TEMPORARY RESTRAINING ORDER " dated  **June 30**, 2009, " VERIFIED COMPLAINT " dated **July 13**, 2009 and " NOTICE OF PENDENCY " dated **July 24**, 2009 are filed in the de facto State Court of Chancery as follows:

**a.** Under paragraph 5 of this **VOID  JUDGMENT** , its states and I quote:

"… **(including <u>but</u> not limited to <u>that</u> Agreement dated July 12, 2006, and recorded in Deed Book 913, Page 46)** other than those invalidated by paragraphs 2 and 3 of this Order."

This RELIEF as quoted above, was **<u>NOT</u>** REQUESTED ---------------------------------------- in Attorney William J. Dunne's " TEMPORARY RESTRAINING ORDER " dated  **June 30**, 2009, " VERIFIED COMPLAINT " dated **July 13**, 2009 and " NOTICE OF PENDENCY " dated **July 24**, 2009, but now by " Chain Conspiracy " Defendant / J Travis Laster, who **" lacked jurisdiction of the subject matter "** and it is **" inconsistent with due process "** to unconstitutionally and illegally included " <u>**that**</u> Agreement dated July 12, 2006 ", which Attorney William J. Dunne always covered – up in his documents as just mentioned in this paragraph, concerning Ms. Patricia A. Meyers' Psychological Incompetent Claim.

Therefore, Defendant / J Travis Laster ------ **<u>CAN NOT</u>** – Unconstitutionally and Illegally – **<u>INCLUDE and RESCIND</u>** - this mutual Agreement dated July 12, 2006 ", AS RELIEF to Protect this  **<u>VOID  JUDGMENT</u>** from CONTRADICTION and Extrinsic Frand. Mutual Agreement dated July 12, 2006 attached as --------------------------------------------- **Exhibit C**

-------------------------------------

Deed Book **3127, Page 201** is another covered – up mutual Agreement, which is dated April 12, 2005,  and **<u>NOT</u>** a deed.  "… **(including <u>but</u> not limited to**…"

This RELIEF as quoted and mentioned above, was **<u>NOT</u>** REQUESTED -------------------------- in Attorney William J. Dunne's " TEMPORARY RESTRAINING ORDER " dated  **June 30**, 2009, " VERIFIED COMPLAINT " dated **July 13**, 2009 and " NOTICE OF PENDENCY " dated **July 24**, 2009, but now by " Chain Conspiracy " Defendant / J Travis Laster, who **" lacked jurisdiction**

**of the subject matter** " and it is **" inconsistent with due process "** to unconstitutionally and illegally included this mutual Agreement dated April 12, 2005 , which Attorney William J. Dunne always covered – up in his documents as just mentioned in this paragraph, concerning Ms. Patricia A. Meyers' Psychological Incompetent Claim.

Therefore, Defendant / J Travis Laster ------ **CAN NOT** – Unconstitutionally and Illegally – **INCLUDE and RESCIND** - this mutual Agreement dated April 12, 2005 , AS RELIEF to Protect this **VOID  JUDGMENT** from CONTRADICTION and Extrinsic Frand. Mutual Agreement dated April 12, 2005 attached as --------------------------------------------- **Exhibit D**

**b**.  Under paragraph 3 of this **" VOID  JUDGMENT** , its states and I quote:

"… on July 18, 2005, and recorded in Deed Record Book **3172, Page 061**…", but in this VERIFIED COMPLAINT – see - paragraph 21- defect – " On July 18, 2005, Defendant Smith recorded a deed  dated  July 8, 2005, with the Sussex County Recorded of Deeds, at Deed Book **3127, Page 201** and  in the NOTICE OF PENDENCY – see – first page - defect – "… July 8, 2005, from Dennis L. Smith to Helen S. Starchia and as recorded by the Sussex County Recorder of Deeds at Deed Book **3127, Page 201**;…"

Therefore, Attorney William J. Dunne **did not Amended** his defects in his VERIFIED COMPLAINT and NOTICE OF PENDENCY concerning this quote, " **3127, Page 201**;…"  as just mentioned above, under **b**, but Defendant / J Travis Laster, who **" lacked jurisdiction of the subject matter "** and it is **" inconsistent with due process "** for Defendant / J Travis Laster to show – **FAVORITISM** – Attorney William J. Dunne by unconstitutionally and illegally correcting Attorney William J. Dunne's defects as indicated in his **VOID  JUDGMENT** under paragraph 3 and I quote: "… **3172, Page 061**… ."

8.     If, Plaintiff / Pro – se Mr. Smith **was White** this injustice would not be, this

Extrinsic Fraud and Invidious Racial Discrimination must be reported to the President

of the United State and the United State Attorney General Hon. Eric H. Holder Jr, also

the facts in this Complaint concerning Defendant / J Travis Laster is a Sad Shame to

the Constitutional of the United States and a violation of Federalized Code **18 U.S.C.A.**

**§ 2383 ( Criminal )** and **42 U.S.C.A. § 2000a – 2**. -- **18 Code** can only be enforce by the

Federal Government.

CIVIL PREVENTIVE RELIEF and **PERMANENT INJUNCTION**

9.     In the **interest of justice**, fairness and VIRTUE, - based on the facts as indicated in this

Complaint concerning Defendant / J Travis Laster's **" VOID JUDGMENT "** / Attached as **Exhibit**

**A** dated April 26, 2011, therefore please **Rescind** this VOID JUDGMENT for the Record - although

the "… law is well – settled that a void order or judgment is VOID even BEFORE reversal ", also

please rule in accordance with the United States' Supreme Court Case Law concerning Void

Judgments and I quote; -- " In a long and VENERABLE line of CASES, the **Supreme Court** has held

that, **WITHOUT PROPER** JURISDICTION, a court **CANNOT** proceed **at all**, but can **ONLY** note

the jurisdictional defect and **DISMISS the Suit** ", therefore please **Rescind** this VOID JUDGMENT

to prevent IRREPARABLE DAMAGES to clear – manifest injustice to Plaintiff's Equal Civil Rights

and Due Process Rights / **13th and 14th Amendment** etc under Federalized Code **42 U.S.C.A § 1988**

" VINDICATION OF CIVIL RIGHTS."

**WHEREFORE**, Plaintiffs, amicable and respectfully request that this Federal District Court:

a.  In the **interest of justice**, fairness and VIRTUE, - based on the facts as indicated in this

Complaint concerning  Defendant / J Travis Laster's **" VOID  JUDGMENT "** / Attached as **Exhibit A** dated April 26, 2011, therefore please **Rescind** this VOID JUDGMENT for the Record - although the "… law is <u>well – settled</u> that a void order <u>or</u> judgment is <u>VOID</u> even <u>BEFORE</u>  reversal ", also please rule in accordance with the United States' Supreme Court Case Law concerning Void Judgments and I quote; -- " In a long and <u>VENERABLE</u> <u>line</u> of <u>CASES</u>, the **Supreme Court** has held that, **WITHOUT PROPER** JURISDICTION, a court **CANNOT** proceed **at all**, but can **ONLY** note the jurisdictional defect and **DISMISS the Suit** ", therefore please **Rescind** this VOID JUDGMENT to prevent IRREPARABLE DAMAGES to clear – manifest injustice to Plaintiff's Equal Civil Rights and Due Process Rights / **13th and 14th Amendment** etc under Federalized Code **42 U.S.C.A § 1988** " VINDICATION OF CIVIL RIGHTS."

Respectfully Submitted,

Mr. Dennis L. Smith / **Pro se**
P.O. Box 311
Selbyville, Delaware 19975
(302) 732 – 3011

Ms. Helen S. Starchia
28761 W. Diamond Street
Dagsboro, Delaware 19939

Date: _Apr. / 29, 2011_

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| DENNIS L. SMITH and<br>HELEN S. STARCHIA | ) <br> ) <br> ) | Civil Action **No.** _____ |
| Plaintiff(s) | ) | |
| vs. | ) | **Federal Question(s)  / 28 U.S.C.A.  § 1331** |
| | ) | |
| J TRAVIS  LASTER, VICE – CHANCELLOR | ) | **Prohibited / Proscribed** |
| FOR THE STATE OF DELAWARE COURT OF | ) | **Racial – Implication(s)** |
| CHANCERY | ) | |
| AND | ) | |
| SCOTT DAILEY, RECORDER OF DEEDS | ) | |
| RECORDER OF DEEDS ADMIN BLDG ON | ) | |
| THE CIRCLE | ) | **42 U.S.C.A. § 1988**. |
| AND | ) | |
| PATRICIA A. MEYERS, AS **NOMINAL** | ) | **18 U.S.C.A. § 241** |
| DEFENDANT | ) | **18 U.S.C.A. § 242** |
| | ) | |
| Defendant(s) | ) | **Trial By Jury of 12 Demanded**. |

### AFFIDAVIT  OF  DENNIS  L.  SMITH

STATES  OF  DELAWARE        :

:  SS

NEW  CASTLE  COUNTY        :

The,  preceding  - indelible  truthful – statement(s) in  my  " **COMPLAINT** ",  are true  to

the  best  of  my  knowledge  and  belief(s); of; Dennis L. Smith  and  are  in  full  vehement

compliance  /  Compliance(s)  Here- with /  Here – under; **28 U.S.C.A.  § 1746,  and  18 U.S.C.A. §**

**1621**.

_____                        Apr. / 29, 2011
Dennis  L.  Smith                                           Date

# Exhibit A

Case # 4739-VCL

Patricia A. Meyers
      Plaintiff(s)
          V
Dennis L. Smith and Helen S.
Starchia
      Defendant(s)



## SUMMONS

DENNIS L SMITH
33 SHOCKLEY DRIVE
FRANKFORD, DE  19945

HELEN S STARCHIA
28761 WEST DIAMOND DRIVE
DAGSBORO, DE  19939

Service to be completed by Sussex County Sheriff

OFFICE OF THE RECORDER OF DEEDS
  in and for Sussex County
2 THE CIRCLE
GEORGETOWN, DE  19947

Copy to be given to the Office of the Recorder of Deeds in and for Sussex County
  by Sussex County Sheriff

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PATRICIA A. MEYERS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) C.A. NO. 4739-VCL |
| | ) |
| DENNIS L. SMITH and | ) |
| HELEN S. STARCHIA, | ) |
| | ) |
| Defendants. | ) |

### FINAL JUDGMENT

WHEREAS, the Court having (i) considered the Motion for Default Judgment filed by Plaintiff, (ii) issued an Order to Show Cause why default judgment should not be entered, (iii) received no response to the Order to Show Cause, (iv) conducted a hearing on April 18, 2011, to determine whether cause existed at which Defendants Dennis L. Smith and Helen S. Starchia, did not appear, and (v) provided reasons for this ruling on the record at the hearing,

**IT IS HEREBY ORDERED,** as follows:

1.      Default Judgment is **GRANTED** in favor of the Plaintiff and against the Defendants.

2.      The deed filed with the Office of the Recorder of Deeds in and for Sussex County, Delaware, on April 8, 2005, and recorded in Deed Record Book 3125, Page 143, transferring Plaintiff's property (Parcel ID # 5-33-11.00-82.00) from Plaintiff, Patricia A. Meyers, to Defendant, Dennis L. Smith, Sr., is declared void and is hereby rescinded.

3.      The deed filed with the Office of the Recorder of Deeds in and for Sussex County, Delaware, on July 18, 2005, and recorded in Deed Record Book 3172, Page 061, transferring the

same property (Parcel ID # 5-33-11.00-82.00) from Defendant, Dennis L. Smith, Sr., to Defendant, Helen S. Starchia, is declared void and is hereby rescinded.

4. The deed filed with the Office of the Recorder of Deeds in and for Sussex County, Delaware, on June 30, 2003, and recorded in Deed Record Book 2867, page 123, transferring property (Parcel ID # 5-33-11.00-82.00) to Plaintiff, Patricia A. Meyers, is accordingly and hereby reinstated (the "Operative Deed"), rendering Plaintiff, Patricia A. Meyers, the Sole Owner with Fee Simple title to Parcel ID # 5-33-11.00-82.00.

5. Meyers' ownership of and fee simple title to Parcel ID # 5-33-11.00-82.00 remains subject to any transfers by Meyers of interests in the property (Parcel ID # 5-33-11.00-82.00) that post-date the Operative Deed (including but not limited to that Agreement dated July 12, 2006, and recorded in Deed Book 913, Page 46), other than those invalidated by paragraphs 2 and 3 of this Order. This Order does not address the validity of any subsequent transfer by Meyers other than those invalidated by paragraphs 2 and 3 of this Order.

6. This Order shall be filed with the Office of the Recorder of Deeds in and for Sussex County, Delaware, and indexed to the documents referenced herein.

7. To the extent necessary, upon application by Plaintiff, the Court will appoint a Special Master pursuant to 10 *Del. C.* § 373 to prepare and execute on behalf of and in the names of Smith and Starchia such documents as are required to carry out this Final Judgment.

8. The Sheriff of Sussex County shall serve a copy of this Order on each defendant and provide a copy to the Office of the Recorder of Deeds in and for Sussex County.

**IT IS SO ORDERED** 26th day of April, 2011.

The Honorable J. Travis Laster
Vice Chancellor

A TRUE COPY
ATTEST:

REGISTER IN CHANCERY

Chris Deputy 4-26-11

# Exhibit B

*Action No, 4739-VCL*

*Civil Action*

*Exhibit B*

# UNITED STATES DISTRICT COURT

for the

District of Delaware

*File Copy*

|  |  |  |
|---|---|---|
| Patricia A. Meyers | ) | Civil Action **No. 11 – 329 - SLR** |
|  | ) |  |
| Plaintiff | ) | **Federal Question(s) / 28 U.S.C.A. § 1331** |
|  | ) | **28 U.S.C.A § 1441(c)** |
| vs. | ) | **Prohibited / Proscribed** |
|  | ) | **Racial – Implication(s)** |
| Dennis L. Smith | ) |  |
| Helen S. Starchia | ) |  |
|  | ) |  |
| Defendant | ) | **Trial By Jury of 12 Demanded** |
|  | ) |  |

### MOTION TO STAY based on UNDER 28 U.S.C.A. § 1447(d)
**"… Section 1443 of THIS TITLE SHALL BE REVIEWABLE by APPEAL or OTHERWISE " /
Relief from Judgment or Order under Fed. R. Civ. P. Rule 60(b)(4) " The Judgment is VIOD."**

Now, here comes Plaintiff / Dennis L. Smith **Pro se**, who under the 13th and 14th

Amendment of his inalienable Constitutional Equal Civil Rights, of the Constitution of these United

States, to **STAY** Federal Judge Sue L. Robinson's **Memorandum Order as attached** , (civil action

No. **11 – 329 – SLR** ) based on Defendant / Pro se – Mr. Smith's constitutional Equal Civil Rights to a

Notice of Appeal Rights within thirty (30) days **and/or** any of his constitutional Due Process Rights.

This STAY is to allow Defendant / Pro se – Mr. Smith's his Due Process Rights to take the appropriate

Legal action(s) concerning Civil and Criminal, to stop this ongoing " Chain Conspiracy " – PATTERN

– of Extrinsic Fraud and Invidious Racial Discrimination to cover – up Federal Incumbent Judge

Leonard P. Stark's - **KEY**- "VOID JUDGMENTS / ORDERS ",which are his **Memorandum Order**

**/ D.I. 91 and Court Order / D.I. 97** which both **lacked jurisdiction of the subject matter**, which is

affirmed by the **Judgment Roll / Docket sheet** – on its FACE / ISSUE of LAW.

**WHEREFORE**. Defendants. amicable and respectfully request that this Federal District Court:

    a.    **RELIEF SOUGHT** - in the interest of justice. fairness based VIRTUE and under

Federalized Code 42 U.S.C.A. § 1988 " VINDICATION OF CIVIL RIGHTS ", please Grant this MOTION TO STAY based on the Caption and the details as indicated above in this motion to stay and because, it is Defendant / Pro se – Mr. Smith's Due Process Rights to Equal Civil Rights under Federalized Code under 28 U.S.C.A. § 1447(d), which authorized that, --------- when a NOTICE of REMOVAL is filed under 28 U.S.C.A. § 1443, that NOTICE of REMOVAL shall be REVIEWABLE by APPEAL **or OTHERWISE** " / Relief from Judgment or Order under Fed. R. Civ. P. Rule 60(b)(4) " the Judgment is VIOD " etc. therefore again, this MOTION TO STAY shall be granted to avoid and prevent a manifest injustice and further violations of Defendants' inalienable Equal Civil Rights and Due Process Rights of this ongoing " Chain Conspiracy " – **PATTERN** – of record of this Extrinsic Fraud and Invidious Racial Discrimination of Federal District Court.

FOR THE RECORD: The statements in this Motion to Stay is made in **Good faith and TRUTH**, with respect to this Court regardless of the Court's **Federal Judges' Racial Hatred – of Malfeasance(s)** to stop / enjoin Defendant / Pro se – Mr. Smith Due Process Rights to – ONLY- Cover – up for themselves, by **SLANDERING** and **THREATENING ( 42 U.S.C.A. § 2000a-2)** to punish Defendant / Pro se – Mr. Smith for **EXERCISING** his Due Process Rights **each time** he files a New case based on a NEW **ISSUE**(S) as they continue to arise under **28 U.S.C.A. § 1331**. --- Therefore, Please, Report Civil Action **No. 11 – 329 - SLR** to the **President** and the **Attorney General Office** of the United State to protect Defendant / Pro se – Mr. Smith Equal Civil Rights and Due Process Rights in the interest of Justice under the Constitution / Also in Respect to the 13th and 14th Amendments.

Respectfully Submitted,

Mr. Dennis L. Smith / **Pro se**
P.O. Box 311
Selbyville, Delaware 19975
(302) 732 – 3011

Date: _____

Cc: See Attached **" Certificate of Service "**

Ms. Helen S. Starchia
28761 W. Diamond Street
Dagsboro, Delaware 19939

# UNITED STATES DISTRICT COURT
### for the
### District of Delaware

| | | |
|---|---|---|
| Patricia A. Meyers | ) | |
| | ) | Civil Action **No. 11 – 329 - SLR** |
| Plaintiff | ) | |
| | ) | **Federal Question(s)  / 28 U.S.C.A.  §  1331** |
| vs. | ) | **28  U.S.C.A  §  1441(c)** |
| | ) | **Prohibited / Proscribed** |
| Dennis L. Smith | ) | **Racial – Implication(s)** |
| Helen S. Starchia | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | **Trial By Jury of 12 Demanded** |
| | ) | |

## AFFIDAVIT  OF  DENNIS  L.  SMITH

STATES   OF   DELAWARE          :

                                     :  SS

NEW   CASTLE   COUNTY          :

The,  preceding  - indelible  truthful – statement(s) in  my  **" MOTION TO STAY "**, are

true  to  the  best  of  my  knowledge  and  belief(s);  of; Dennis L. Smith  and  are  in  full  vehement

compliance / Compliance(s)  Here- with /  Here – under; **28  U.S.C.A. §  1746**, **and  18  U.S.C.A. §**

**1621**.

Dennis L. Smith

April 18 2011
Date

## CERTIFICATE OF SERVICE

I hereby certify that a original and one copy of my **" MOTION TO STAY "**, have been Certified mailed or hand delivered to the FEDERAL DISTRICT COURT OF DELAWARE on this _____ day of April 2011, and one copy to the address as listed below:

William J. Dunne, Esquire **(#3342)**
Community Legal Aid
100 West 10th Street, Suite 801
Wilmington, Delaware 19801
**Certified  Mail  No.  7010 2780 0000 3731 9167**

Ms. Patricia A. Meyers,
36161 Zion Church Road
Frankford, Delaware 19945
**Certified  Mail  No. 7010 2780 0000 3731 9143**

Count – 1 - Clerk Ms. Arline Simmons,
Count – 2 - Guard Mr. Rocky Justice,
Count – 3 - Clerk Ms. Arline Simmons,
Count – 4 – Master in Chancery Sam Glasscock III,
Count – 5 – *State Judge* / Chancellor William B, Chandler III,
Count – 6 – Administrative Officer Ms. Ramona Monsen,
Count – 7 – Administrative Officer Ms. Ramona Monsen,
Count – 8 – Administrative Officer Ms. Ramona Monsen, and
Count – 9 – Administrative Officer Ms. Ramona Monsen
**Court of Chancery's Office Manager Mr. Ken J. Lagowski - <u>NOMINAL</u> WITNESS ONLY**
DE Court of Chancery
34 The Circle
Georgetown, DE 19947
**Certified  Mail  No.  7010 2780 0000 3731 9204 –** Two copies

**All  mentioned  above,  certified  mailed or hand Delivered  by  Dennis L. Smith.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PATRICIA A. MEYERS, )
                                    )
      Plaintiff, )
                                      )
v. ) Civ. No. 11-329-SLR
                                    ) Del. Ch. Ct. No.4739-VCL
DENNIS L. SMITH, )
                                      )
      Defendant. )

**MEMORANDUM ORDER**

At Wilmington this ꟷday of April, 2011, having reviewed the case removed from the Delaware Court of Chancery in and for Sussex County;

IT IS ORDERED that the case is summarily remanded to the Delaware Court of Chancery in and for Sussex County, for the reasons that follow:

1. This is third time defendant Dennis L. Smith ("defendant") has removed *Meyers v. Smith*, Civ No. 4739-VCL (Del. Ch.) to this court. The two prior attempts at removal resulted in summary remands. *See Meyers v. Smith*, Civ. No. 09-579-JJF, summarily remanded August 25, 2009 (D.I. 4, 5); *Meyers v. Smith*, Civ No. 10-199-LPS, summarily remanded May 12, 2010 (D.I. 22, 23).

2. Following his second attempt at removal, defendant was placed on notice that future notices of removal of the Chancery Court action would not be considered, would be summarily remanded, and may subject him to sanctions. *Meyers v. Smith*, Civ No. 10-199-JJF-LPS (D.I. 22, 23). Defendant, nonetheless, did not heed the warning and filed a third notice of removal. The notice of removal contains argument similar to that

presented by defendant during a hearing held before the undersigned on April 8, 2011 on his motion for a restraining order in *Smith v. Stark*, Civ. No. 11-257-SLR.

3. The notice of removal is not considered. Defendant's repeated removal of *Meyers v. Smith*, Civ No. 4739-VCL (Del. Ch.) is vexatious and an abuse of the legal process. Indeed, in a companion case this date, the court has ordered defendant to show cause why he should not be enjoined from filing similar notices of removal in this court without prior authorization.

4. For the above reasons, *Meyers v. Smith*, Civ No. 4739-VCL (Del. Ch.) is summarily remanded to the Delaware Court of Chancery in and for Sussex County. The Clerk of Court is directed to close the case.

UNITED STATES DISTRICT JUDGE

-2-

CERTIFIED: 4/15/11
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

# Exhibit C

36350

BK 00913 PG 046

## Agreement

Tax Map # 5-33 11.00 82.00

Prepared by:    Dennis L. Smith
Return to:    Route 3, Box 96
            Frankford, DE 19945

TO ALL PERSONS, be it known that _Patricia A Meyers_, drivers license No. 427897,

of _RT 4 Box 103A Frankford, DE, 19945_, located in Sussex County, and

_Dennis L. Smith_, drivers license No. 829030, of

_Route 3, Box 96 Frankford De 19945_ located in Sussex County, agreed to the following:

Concerning Tax Map # 5-33 11.00 82.00 Tract 3, Plot book 92, page 126, whether past, present or future, Ms. Patricia A. Meyers agreed to never sue and/or file a lawsuit against Mr. Dennis L. Smith concerning or for any property that she sold to him and/or that she continues to own. Also, Mr. Dennis L. Smith agreed to never sue and/or file a lawsuit against Ms. Patricia A. Meyers involving her 2.5 acres +/- parcel B, which Mr. Dennis L. Smith has the October 27, 2003, power of attorney. This power of attorney was granted by Ms. Patricia A. Meyers, and was recorded in the Recorder of Deeds book No. 00776, page 041.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed that Mr. Dennis L. Smith will continue with civil case 1120-S, and greed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning his involvement in civil case No. 069-S, and his involvement in civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, for any problems that my come from her letter dated July 8, 2006, certified mail No. 7002 0460 0001 5100 2767, concerning civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning two false arrests, which was Nolle Prosequi, involving civil case No. 1120-S.

Mr. Dennis L. Smith, a friend of family, agreed to place a type of house or a type of house trailer on Ms. Patricia A. Meyers' 2.5 acres parcel as mentioned above, some time after this property is completely cleared. Ms. Patricia A. Meyers and Mr. Dennis L. Smith agreed, that this document may be recorded in the Recorder of Deeds.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this _12_ day of _July_, A.D. 20_06_.

Witnesseth:

RECORDER OF DEEDS
JOHN F. BRADY

06 JUL 13  PM 2: 15

SUSSEX COUNTY
DOC. SURCHARGE PAID

_____
Witness

_____
Patricia A. Meyers

_____
Dennis L. Smith

STATE OF DELAWARE  :
                  : ss.
COUNTY OF SUSSEX   :

I HEREBY CERTIFY that on this _12_ day of _July_, A. D. 20 _06_, personally Came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers and Dennis L. Smith, and acknowledged the foregoing agreement to be their act and deed.

_____
NOTARY PUBLIC
KAREN M. SAMSEL
Notary Public - State of Delaware
My Comm. Expires Mar. 10, 2007

# Exhibit D

17221

**☒03127 ☒201**

Tax Map # 5-33 11.00 82.00

Prepared by:   Dennis L. Smith
Return to:     Route 3, Box 96
               Frankford, DE 19945

This document represents the conclusion of the document of " **Sale of Complete Inherited Right And Authorities To Real Estate Property** " **AGREEMENT** dated January 5, 2004, record in the Office of the Recorder of Deeds, in and for Sussex County, Delaware, in Deed Record Book 2931, Page 144.

This 39.02 acre parcel <u>was</u> known as Tax Map # 5-33 11.00 82.00.  Therefore, whether past, present or future, this is the <u>conclusion</u> of the term  " **legally  subdivided** "  to the best of my knowledge, as follows in # 1, and # 2, below:

1.  A Plot drawing recorded on August 4, 20**03**, Book 81, Page 91, which <u>subdivided</u> this 39.02 acre parcel, and **contains** an illegal fifty (50) foot easement.  A <u>Deed</u> dated **July 9, 2003**, which contains a total of  22.03 - or + acres, to Carol Evans and Keith Evans from a part of this same subdivided 39.02 acres parcel, recorded on August 4, 20**03**, Book 2867, Page 126, and **contains** this same illegal fifty (50) foot easement.  A <u>Deed</u> dated **June 30, 2003**, which contains a 17.34 - or + acres parcel, <u>now</u> known as Tax Map # <u>5-33 11.00 82.00</u>  **TRACT 3** to Patricia A. Meyers, the other " **one share** " part of this same subdivided 39.02 acres parcel,  recorded on August 4, 20**03**, Book 2867, Page 123, and also **contains** this same illegal fifty (50) foot easement.  *For the truth  this illegal fifty (50) foot easement <u>violated 17 Delaware Code, Section 131</u>  as it is explained in the Court of Chancery of the State of Delaware in and for Sussex County's civil case number 69-S document dated November 11, 2003.  Now* , see Sussex County Planning and Zoning Director, <u>Lawrence B. Lank's</u> attached letter dated **February 8, 2005**, which **eliminates** all of those above mentioned illegal fifty (50) foot easements.  ( **Now " legally subdivided " )**

2.  Concerning " Tax Map # <u>5-33 11.00 82.00</u>  **TRACT 3** ," Ms. Patricia A. Meyers, in a Deed dated April 7, 2005, sold  Mr. Dennis L. Smith a 14.84 acres parcel, which is a part of her **inherited** 17.34 acres parcel. See this Deed in Book 3125, Page 143, and see this Plot drawing in Plot Book 92, Page 126, "PARCEL **A** AREA: 14.84 AC. +/-." **Also** , only out of respect concerning an alleged claim, Ms. Meyers kept  " PARCEL **B** AREA:  2.50 AC. +/-" remaining in her own name as indicated on record, in the Office of the Recorder of Deeds, in and for Sussex County, Delaware, in Deed Record Plot Book 92, Page 126. Therefore, " PARCEL **B** AREA: 2.50 AC. +/- " is **Null and Void** and/or **Free and Clear** of the document of " **Sale of Complete Inherited Right And Authorities To Real Estate Property** " **AGREEMENT** dated January 5, 2004, record in the Office of the Recorder of Deeds, in and for Sussex County, Delaware, in Deed Record Book 2931, Page 144. ( **Now " legally subdivided " )  This January 5, 2004, agreement is now completed.** Also, attached is a Sussex County, DE Recorder of Deeds John F. Brady ** Affiliated Computer Services **  Search Report dated " 04 / 11 / 2005, concerning the word " **agree.**" *This document must be Recorded.*

Initials  _____ Z _____          Initials  P N M.

continue on page 2

**ᴮᴼ03127 ᴾᴳ202**

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this _____ day of _April_____, A. D. 20_05_ .

Witnesseth:

_Stephanie C Strickel_
Witness

_Pat A. My_____
Seller----------- Driver License No. 427897
Patricia A Myers
RR 4 Box 103 A Frankford, DE 19945
Address of Seller

_Dennis L Smith_
Buyer ---------- Driver License No. 829030
Dennis L Smith
RR 3 Box 96 Frankford De 19945
Address of Buyer

STATE  OF DELAWARE  :
                    : ss.
COUNTY OF SUSSEX    :

I HEREBY CERTIFY that on this _12th_ day of _April_____ , A. D. 20_05_ , personally came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers, and acknowledged the foregoing conclusion, of the document of " sale of complete inherited rights and authorities to real estate property " to be her act and deed.

_____
NOTARY PUBLIC

**MARY ANN LEAGER**
**Notary** Public - Delaware
**My Comm.** Expires April 6 2008

803127 ₪203



**Sussex County**
**Planning & Zoning Commission**
P.O. Box 417
Georgetown, DE 19947
302-855-7878
302-854-5079 (Fax)

John I. Allen, Chairman
Robert C. Wheatley, Vice-Chairman
W. Layton Johnson
Rodney Smith
Benjamin Gordy
Lawrence B. Lank, Director

February 8, 2005

Mr. Dennis L. Smith
P.O. Box 311
Selbyville, DE 19975

RE:    Record Plots of the Estate of George A. Evans
       And Lands of Carol A. and Keith Evans
       State Route 20

Dear Mr. Smith:

Please be advised that I have reviewed the above reference record plots.

The Estate of George A. Evans plot depicts three (3) tracts with lands, now or formerly, of Lynwood Evans and Delaphine Dennis and a 50-foot wide easement for ingress and egress as recorded in Plot Book 81 Page 91.

The Lands of Carol A. and Keith Evans plot depicts that Tract 1, Tract 2 and Tract 1A, the lands previously referenced as lands, now or formerly of Lynwood Evans and Delaphine Dennis, are to be combined as one tract and thereby eliminating the need for the 50-foot wide easement for ingress and egress. This plot was recorded in Plot Book 88 Page 157 and supersedes Plot Book 81 Page 91.

By the recordation of Plot Book 88 Page 157 if can be assumed that the 50-foot wide easement for ingress and egress has been abandoned. If there are any recorded documents recorded separately in Deed Books or recorded as a part of a deed, those documents or deeds should be corrected to show that the easement has been abandoned.

Be reminded that entrance locations to the parcels are still subject to the State Department of Transportation and may be interpreted differently by that Department.

Should you have any questions, please do not hesitate to contact this Department.

Sincerely,

Lawrence B. Lank
Director of Planning and Zoning

Exhibit 1

**ᴆ03127 ᴬ294**

```
Sussex County, DE              ** AFFILIATED COMPUTER SERVICES **              PAGE  1
Recorder of Deeds                        SEARCH REPORT                      04/11/2005
John F. Brady                                                               10:26 AM
```

| INST NUMBER | TYPE INST | FILE DATE | TIME | | RECORDED BOOK | PAGE | LAST MODIFIED DATE | BY |
|---|---|---|---|---|---|---|---|---|
| 000001449 | AGREE | 01/08/2004 | 12:50P | | 02931 | 00144 | 01/08/2004 | staci |

```
MEYERS                    PATRICIA A                    1
MEYERS                    PATRICIA A                    2
SMITH                     DENNIS L, SR                  1
SMITH                     DENNIS L, SR                  2
```

Description: SALE OF COMPLETE INHERITED RIGHTS & AUTHORITIES

| INST NUMBER | TYPE INST | FILE DATE | TIME | | RECORDED BOOK | PAGE | LAST MODIFIED DATE | BY |
|---|---|---|---|---|---|---|---|---|
| 000001449 | AGREE | 01/08/2004 | 12:50P | | 02931 | 00144 | 01/08/2004 | staci |

```
MEYERS                    PATRICIA A                    1
MEYERS                    PATRICIA A                    2
SMITH                     DENNIS L, SR                  1
SMITH                     DENNIS L, SR                  2
```

Description: SALE OF COMPLETE INHERITED RIGHTS & AUTHORITIES



RECORDER OF DEEDS
JOHN F. BRADY

05 APR 13  PM 2: 39

SUSSEX COUNTY
DOC. SURCHARGE PAID

Received

APR 14 2005

ASSESSMENT DIVISION
OF SUSSEX CTY