IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENNIS L. SMITH and HELEN S. STARCHIA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 11-380-SLR |
| J. TRAVIS LASTER, et al., | ) ) | |
| Defendants. | ) ) | |

---

Dennis L. Smith. Selbyville, Delaware and Helen S. Starchia, Dagsboro, Delaware. Pro se Plaintiffs

---

## MEMORANDUM OPINION

Dated: May 26 , 2011
Wilmington, Delaware

2011 MAY 26 PM 4: 53

DISTRICT OF DELAWARE
CLERK U.S. DISTRICT COURT
FILED


ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Dennis L. Smith ("Smith") and Helen S. Starchia ("Starchia") (together "plaintiffs") filed the instant litigation pro se against defendants J. Travis Laster ("Laster"), Vice Chancellor for the State of Delaware Court of Chancery; Scott Dailey ("Dailey"), recorder of deeds for Sussex County, Delaware; and nominal defendant Patricia A. Meyers ("Meyers").[1] (D.I. 1, 3) Contained in the complaint and amended complaint are motions for permanent injunction under 42 U.S.C. § 2000a-3 to enjoin Laster's "void judgment.

## II. BACKGROUND

The dispute that serves as the basis for this federal litigation is one over real property located in Sussex County, Delaware and identified as Sussex County Tax Map parcel number 5-33-11.00-82.00. *See Meyers v. Smith,* Del. Ch. Ct. No. 4739-VCL. From what can be gleaned from the numerous filing by plaintiffs over the years, Smith was a friend of the Meyers family and held himself out to be a representative of Meyers in various real estate transactions.[2] On January 5, 2004, Meyers executed a document whereby Meyers sold and transferred to Smith the property at issue. *(See Smith v. Stark,* Civ. No. 11-257-SLR, D.I. 9, 10) Two deeds followed, one executed on April 7, 2005 transferring the property from Meyers to Smith, and a second executed on July 8,

---

[1]Plaintiffs request a three judge court pursuant to Local Rul 9.2. The court determines that three judges are not required. *See* 28 U.S.C. § 2284.

[2]*See, e.g., Bay Twenty, L.L.C. v. Smith,* Civ. No. 069-S (Del. Ch.); *Krebs v. Meyers,* Civ. No. 1120-S (Del. Ch.); *Smith v. Stark,* Civ. No. 11-257-SLR (containing a detailed background of plaintiffs' litigious history in federal and State court.

2005 transferring the property from Smith to Starchia.[3] (*Id.*)

Meyers filed suit against Smith and Starchia in state court. On three occasions, plaintiffs attempted to remove the state case to this court and, on three occasions, the cases were summarily remanded. The last remand order was entered in Civ. No. 11-329-SLR on April 14, 2011. On April 26, 2011, Laster entered a final judgment in favor of Meyers and against Smith and Starchia; rescinded the deeds from Meyers to Smith and from Smith to Starchia; and reinstated the original deed to Meyers. (D.I. 3, ex.)

Plaintiffs assert that federal jurisdiction rests upon 28 U.S.C. § 1331 and 1443(1), 1447(d), 42 U.S.C. §§ 2000a-1, 2000a-3, and 2000a-3; 42 U.S.C. § 1988; and 18 U.S.C. §§ 4, 241 and 242. (D.I. 3) Count 1 alleges that the final judgment issued by Laster is void and deprived plaintiffs of their constitutional rights to due process and equal civil rights. Counts 2, 3, and 4 allege that the final judgment issued by Laster is void because he intentionally, arbitrarily, and capriciously violated plaintiffs' due process rights of equal civil rights under the Thirteenth and Fourteenth Amendments. Plaintiffs further allege that the final judgment is based upon extrinsic fraud and invidious racial discrimination.

## III. DISCUSSION

### A. Injunctive Relief

A preliminary injunction is an extraordinary remedy. In order to prevail plaintiffs must demonstrate: (1) a likelihood of success on the merits; (2) they will suffer

_____

[3]Although Starchia is a named party in many of the lawsuits filed by plaintiffs, she has not been an active litigant.

irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) (*"NutraSweet I"*) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enterprises., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (*"Nutra Sweet II"*) .

Plaintiffs cannot show a likelihood of success on the merits. As discussed *infra*, defendants are immune from suit and the relief plaintiffs seek is not available. In addition, plaintiffs cannot show irreparable harm as they have the opportunity to appeal to a higher court on the state level. Nor can plaintiffs show that granting the relief they seek will not harm defendants or that the public interest favors the relief they want. The relief plaintiffs desire obliterates the judiciary's role to rule independently based upon the facts and law, as well as the independence of the state courts. Finally, federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413

---

[4]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte.*

(1923); *see Power v. Department of Labor,* Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002).

For the above reasons, the court will deny the motion for permanent injunction as found in the complaint and amended complaint.

## B. Sua Sponte Dismissal

A federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted); *see Degrazia v. Federal Bureau of Investigation,* 316 F. App'x 172 (3d Cir. 2009) (not published) (claims that meet the *Hagan* standard properly dismissed sua sponte pursuant to Fed. R. Civ. P. 12(b)(1).

Laster is a judicial officer and is immune from suit.[5] Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of*

---

*Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77 (3d Cir. 2003).

[5]Plaintiffs name Meyers as a nominal defendant, presumably because she named them as defendants in state court.

*New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9,11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349,356-67 (1978).

In addition, Dailey is immune from suit. Under certain circumstances court personnel may be entitled to quasi-judicial immunity.[6] The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges - that is, because they, too, 'exercise a discretionary judgment' as a part of their function," *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436, (1993); *Dotzel v. Ashbridge*, 438 F.3d 320, 325 (3d Cir. 2006), or when a public official acts "pursuant to court directive," *see Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) (basing the rule upon the "manifest unfairness of subjecting one to suit as a consequence of action taken at the direction of officials over whom the individual actor

---

[6]Quasi-judicial immunity is absolute immunity. *See Dotzel v. Ashbridge*, 438 F.3d 320, 324 n.1 (3d Cir. 2006). The defendant bears the burden of establishing a right to absolute immunity. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993).

has no power or control"). *See Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 772-73 (3d Cir. 2000); *Marcedes v. Barrett,* 453 F.2d 391 (3d Cir. 1971) (quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter).

The longstanding immunity for judicial officials directly applies here and prevents plaintiffs from maintaining this civil action against Dailey. The order issued by Laster requires Dailey, as the recorder of deeds, to rescind two deeds and to reinstate a prior deed. Dailey is entitled to absolute immunity in following the order issued by Laster. Moreover, pursuant to the *Rooker-Felder* doctrine, mentioned above, this court has no authority to review the final judgment entered by Laster.

Based upon the above, the court will dismiss the complaint sua sponte. Dismissal is appropriate because it is "no longer open to discussion" that the relief plaintiffs seek is unavailable in the context of this civil action. *See Madkins v. City of Memphis,* 20 F. App'x 335, 336 (6th Cir. 2001) (not published) (upholding district court's *sua sponte* dismissal of a complaint against forty-eight defendants including judges, a court clerk, prosecutors, a grand jury foreman, police officers and others where the plaintiff alleged that governmental officials improperly prosecuted him, that individuals falsely testified against him, and that he was convicted and confined as the result of a vast conspiracy against him).

## IV. CONCLUSION

For the above reasons, the court will deny the motion for restraining order. The

-6-

court will dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1).[7]

An appropriate order will issue.

---

[7]Subsequent to filing this complaint, the court issued an order on May 9, 2011, and enjoined Smith from filing, without prior authorization of this court, any notice of removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, related to Delaware Chancery Court case *Meyers v. Smith*, Civ. No. 4739 MG (Del. Ch.), and Delaware Superior Court case *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) (Del. Sup.), and parallel cases filed by Smith. *See State of Delaware v. Smith*, Civ. No. 09-383-JJF; *Meyers v. Smith*, Civ. No. 09-579-JJF; *Smith v. Meyers*, Civ. No. 09-814-LPS; *Meyers v. Smith*, Civ. No. 10-199-LPS; *Estate of James Godwin v. Smith*, Civ. No. 10-531-LPS; *Smith v. Farnan*, Civ. No. 10-830-LPS; *Smith v. Meyers*, Civ. No. 11-21-LPS; *Smith v. Stark*, Civ. No. 11-126-PD; *Smith v. Stark*, Civ. No. 11-257-SLR; *Meyers v. Smith*, Civ. No. 11-329-SLR; and *The Estate of James Godwin v. Smith*, Civ. No. 11-330-SLR. The instant complaint clearly falls within the parameters of the May 9, 2011 order. *See* Smith v. Stark, Civ. No. 11-257-SLR, D.I. 13.